HAGMAYER v. NOVELTY STAMP CO.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. LANDLORD AND TENANT (§ 231*)—LEASE—EXECUTION—BURDEN OF PROOF.
    In an action on a lease, the burden of proving its execution is on the plaintiff.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 231*)—EXECUTION OF LEASE BY AGENT—AUTHORITY—SUFFICIENCY OF EVIDENCE.
    In an action on a lease, evidence *held* insufficient to sustain a judgment against defendant corporation as having executed a lease.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Catherine Hagmayer against the Novelty Stamp Company. Judgment for plaintiff, and defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Bernard Fliashnick, of New York City, for appellant.

George Tiernan, of New York City (Thomas H. Beardsley, of New York City, of counsel), for respondent.

GUY, J.   By the judgment appealed from the defendant corporation is charged as lessee for three months' rent of a store.   The lease put in evidence by the plaintiff was dated October 31, 1913.   It is for the term of 17½ months, expiring May 1, 1915.   Opposite each of the two red seals or wafers at the end of the instrument appears the signature, "Novelty Stamp Company"—a line being drawn through "Mercantile Novelty Co.," opposite the upper seal.   Below the bottom signature is "Chas. Singer, Pres.," and it is witnessed by Alex. Schwartz. There is no corporate seal on the paper, nor is its execution proved or acknowledged.

The testimony offered on behalf of the plaintiff showed that the defendant was not organized at the time of the execution of the lease; that it was not incorporated until January or February, 1914; that Marcus Koenig was the president of the defendant from its organization; that Singer, whose name was signed at the end of the lease as president, was never the president of the defendant, but that he was its advertising manager; that the defendant bought the lease of the Mercantile Novelty Company, and occupied the store during April and May and part of June, 1914, and paid 2 months' rent; and that the defendant abandoned possession some time in June, 1914.

[1, 2] As the burden was on the plaintiff of proving the execution of the lease by the defendant, and as the evidence failed to show that Singer was the president of the corporation at the time the lease was made, or had any authority to execute the instrument, and, indeed, showed affirmatively that the corporation was not in existence until several months after the date of the lease, and that it merely occupied the premises, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event.

PENDLETON, J., concurs.

SHEARN, J.   I concur, on the ground that there could be no ratification of the lease by the defendant corporation, as the corporation was not in existence at the time the lease was executed.   There cannot in law be a ratification of a contract which could not have been made binding on the ratifier at the time when it was made, because the ratifier was not then in existence.